**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

| | | |
|---|---|---|
| DJOHNYCO SAINCOIS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Case No. 9:26-cv-992-JDK |
| | § | |
| TODD BLANCHE, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND NOTICE TO ATTORNEY**

Before the Court is Djohnyco Saincois's habeas petition under 28 U.S.C. § 2241, which seeks immediate release or, alternatively, a bond hearing. Docket No. 1. For the reasons set forth below, the Court **DENIES** the petition.[1]

To the extent Petitioner argues that he is entitled to relief by statute, the argument is foreclosed by *Buenrostro-Mendez v. Bondi*, which held that § 1225(b)(2)(A) mandates the detention without bond of unadmitted aliens like Petitioner for the duration of their removal proceedings. 166 F.4th 494, 508 (5th Cir. 2026). Petitioner's argument under the Fifth Amendment's Due Process Clause is also foreclosed by recent precedent. *See Rodriguez v. Vergara*, 2026 WL 3181188, *14 (5th Cir. Oct. 23, 2026) (en banc) (holding that mandatory detention under § 1225(b)(2)(A) does not violate one's Fifth Amendment right to due process).

[1] A district court "entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. After a careful review of the petition, the Court determines that an answer from Respondents is unnecessary. *See Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998).

Petitioner, however, fails to acknowledge or address this dispositive case law. In doing so, Petitioner runs afoul of Rule 11 of the Federal Rules of Civil Procedure, which requires counsel to certify that its "claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." *Johnson v. Lumpkin*, 74 F.4th 334, 343 (5th Cir. 2023) (citing FED. R. CIV. P. 11(b)(2)). Counsel for Petitioner is **therefore on notice** that any future filings that violate Rule 11 will subject her to sanctions.

Finally, Petitioner's additional arguments are unavailing. *See Chi v. Warden, Bluebonnet Det. Facility*, 2026 WL 1062625 (N.D. Tex. Apr. 13, 2026). The Petition for Writ of Habeas Corpus (Docket No. 1) is therefore **DENIED**. All pending motions are **DENIED** as moot.

So **ORDERED** and **SIGNED** this **13th** day of **November, 2026.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE